FILED

**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**

**STATE OF LOUISIANA**

NO. 2020-9860

DIVISION " "

**THOMPSON GALETOVIC**

**VERSUS**

**SAINTS AND SINNERS L.L.C., ET AL.**





FILED: _____

                              **DEPUTY CLERK**   **SECTION 13**

**PETITION FOR DAMAGES**

NOW INTO COURT, through undersigned counsel, comes Plaintiff, THOMPSON

GALETOVIC, a person of the full age of majority domiciled in Fulton County, Georgia who

respectfully represents:

1.

Made defendants ("Defendants") herein are:

A. **SAINTS AND SINNERS L.L.C.**, a Louisiana limited liability company authorized to do
   and doing business in the Parish of Orleans, State of Louisiana;

B. **CLEAR BLUE SPECIALTY INSURANCE COMPANY**, a foreign insurance company
   authorized to do and doing business in the Parish of Orleans, State of Louisiana;

C. **FORTIS RISK SOLUTIONS, LLC**, a foreign limited liability company authorized to do
   and doing business in the Parish of Orleans, State of Louisiana;

D. **ARTHUR J. GALLAGHER RISK MANAGEMENT SERVICES, INC.**, a foreign
   business corporation authorized to do and doing business in the Parish of Orleans, State of
   Louisiana; and

E. **JOHN DOE**, a person of the full age of majority employed by Defendant SAINTS AND
   SINNERS L.L.C. who is described and depicted in the allegations made herein.

Plaintiff does herein respectfully reserve the right to amend and/or supplement this Petition,

particularly this paragraph to formally name JOHN DOE and to name any additional defendants,

along with the identities of liability insurance carriers of said Defendants.

2.

Venue is proper in this Court pursuant to Louisiana Code of Civil Procedure Article 42, as

one or more of the Defendants is domiciled in this Parish. Venue is further proper in this Court

pursuant to Louisiana Code of Civil Procedure Article 74 as the wrongful conduct alleged herein

occurred in this Parish and the damages were primarily sustained in this Parish. Venue is further

1

VERIFIED
11/24/2020

EXHIBIT "1"

proper in this Court pursuant to Louisiana Code of Civil Procedure Article 76 as an action against an insurance policy may be brought in the Parish where the loss occurred.

3.

Defendants herein are justly and truly indebted to Plaintiff, jointly, severally and *in solido* for such damages as are reasonable in the premises, including past, present and future physical pain and suffering, past, present and future mental anguish, past, present and future medical expenses, past, present and future loss of enjoyment of life, past, present and future loss of earnings, and disability, together with legal interest thereon from date of judicial demand, until paid, and for all costs of these proceedings, for the following to-wit:

**FACTUAL ALLEGATIONS**

4.

On December 31, 2019, Plaintiff, THOMPSON GALETOVIC, was an expected and invited patron of the restaurant and bar known as Saints and Sinners (a/k/a Saints & Sinners), located at 627 Bourbon Street, New Orleans, Louisiana 70130, which property is owned and operated by Defendant SAINTS AND SINNERS L.L.C.

5.

On December 31, 2019, at approximately 10:00 p.m., Plaintiff, THOMPSON GALETOVIC, who was accompanied with other patrons, attempted to lawfully enter Saints and Sinners as an expected and invited patron of Saints and Sinners.

6.

Defendant JOHN DOE, who is depicted and described in greater detail herein, was employed by Defendant SAINTS AND SINNERS L.L.C. as the "doorman" or "bouncer" of the Saints and Sinners establishment's security staff and was working on behalf of SAINTS AND SINNERS L.LC. at the entrance of the establishment on December 31, 2019.

7.

As Plaintiff THOMPSON GALETOVIC faced Defendant JOHN DOE at the entrance of Saints and Sinners, JOHN DOE viciously punched THOMPSON GALETOVIC in the face, knocking Plaintiff to the concrete.

8.

JOHN DOE attempted to commit a battery on THOMPSON GALETOVIC and intentionally placed THOMPSON GALETOVIC in reasonable apprehension of receiving harmful and offensive contact and in reasonable apprehension of receiving an imminent battery.

9.

Considering the foregoing, JOHN DOE committed the tortious act of assault on THOMPSON GALETOVIC.

10.

JOHN DOE voluntarily made harmful and offensive contact with THOMPSON GALETOVIC.

11.

JOHN DOE's actions were malicious with the intent to cause THOMPSON GALETOVIC to suffer such harmful and offensive contact and to inflict damage upon THOMPSON GALETOVIC.

12.

JOHN DOE intended to inflict such harmful, invasive and offensive contact without the consent of THOMPSON GALETOVIC.

13.

JOHN DOE's actions were neither justified, privileged nor in self-defense, as THOMPSON GALETOVIC was neither an aggressor nor did Plaintiff provoke the attack.

14.

THOMPSON GALETOVIC posed no actual or reasonably apparent threat to JOHN DOE's safety requiring any use of force whatsoever.

15.

Considering the foregoing, JOHN DOE committed the tortious act of battery on THOMPSON GALETOVIC.

16.

At all relevant times, THOMPSON GALETOVIC neither expressly nor impliedly consented to the tortious acts of assault and battery.

17.

JOHN DOE's action in carrying out the assault and battery caused THOMPSON GALETOVIC to suffer extensive damages, as described in more detail herein.

18.

JOHN DOE's attack on THOMPSON GALETOVIC was witnessed by multiple patrons and other employees of Defendant SAINTS AND SINNERS L.L.C., including members of the security staff at Saints and Sinners.

19.

Specifically, an independent eyewitness assisted THOMPSON GALETOVIC in coordinating with Emergency Medical Services ("EMS") and the New Orleans Police Department ("NOPD") immediately after the attack.

20.

NOPD Officers D. Wise an J. Tucker of the NOPD Eighth District responded to the aforementioned attack, which was assigned an NOPD incident report bearing the following description: Item No. L-40429-19, Signal No. 35 and Car No. 9634.

21.

The aforementioned eyewitness confirmed that JOHN DOE's attack on THOMPSON GALETOVIC was malicious, unprovoked, excessive and unwarranted.

22.

JOHN DOE confronted and intimidated the eyewitness later in the same evening at Saints and Sinners.

23.

Immediately after the attack, THOMPSON GALETOVIC was taken via ambulance to the hospital, where he was diagnosed and treated for extensive physical injuries ultimately requiring surgical intervention.

24.

As a direct result of JOHN DOE's attack, THOMPSON GALETOVIC was caused to suffer severe injuries, including, but not limited to, jaw and dental-related injuries.

25.

Defendant SAINTS AND SINNERS L.L.C. is vicariously liable under the theory of *respondeat superior*, for the actions and/or inactions of their employees, including JOHN DOE,

4

and, as such, Defendant SAINTS AND SINNERS L.L.C. is liable unto Plaintiff for damages he sustained at the Saints and Sinners restaurant and bar.

26.

Pursuant to Louisiana Civil Code Article 2320, SAINTS AND SINNERS L.L.C., as the employer of JOHN DOE, is vicariously liable for the tortious acts of JOHN DOE, who was in the exercise of the functions in which he was employed.

27.

At all relevant times, JOHN DOE was acting in the course and scope of his employment with SAINTS AND SINNERS L.L.C., and JOHN DOE's negligent and tortious actions were closely connected in time, place and causation to his employment duties so as to be regarded a risk of harm fairly attributable to the business of SAINTS AND SINNERS L.L.C.

28.

At all relevant times, JOHN DOE was subject to the control and right of control of SAINTS AND SINNERS L.L.C.

29.

At all relevant times, JOHN DOE's actions were primarily employment-rooted, were reasonably incidental to the performance of his employment duties, occurred during business hours, and occurred on the premises of Saints and Sinners.

30.

No action or inaction on the part of the Plaintiff caused or contributed to the happening of the incident aforesaid.

31.

Pursuant to Louisiana Civil Code Article 2315, Defendants are liable to Plaintiff for injuries caused by the wrongful acts of JOHN DOE, including, but not limited to, the intentional torts of assault and battery.

32.

Plaintiff was not at fault in the incident mentioned herein. His injuries were caused solely by the fault and negligence of Defendants, including its agents, mandataries and employees, in the following non-exclusive particulars:

a) The intentional tort of assault;

b) The intentional tort of battery;

c)  Primary liability under Louisiana Civil Code Article 2315;

d)  Vicarious liability under Louisiana Civil Code Article 2320;

e)  Negligent training of the employees and security staff of Saints and Sinners, including, but not limited to, JOHN DOE, regarding safe interactions with patrons of Saints and Sinners and regarding the preservation of evidence;

f)  Negligent retention of the employees and security staff of Saints and Sinners, including, but not limited to, JOHN DOE;

g)  Negligent hiring of the employees and security staff of Saints and Sinners, including, but not limited to, JOHN DOE;

h)  Negligent supervision of the employees and security staff of Saints and Sinners, including, but not limited to, JOHN DOE, regarding safe interactions with patrons of Saints and Sinners and regarding the preservation of evidence; and

i)  Any other acts of negligence which may be revealed through discovery, added as a negligence allegation in a Supplemental and Amending Petition for Damages, and proven at the trial of this case.

33.

SAINTS AND SINNERS L.L.C. owed a duty to its expected and invited patrons, including THOMPSON GALETOVIC, breached that duty, with said breach being the cause-in-fact and proximate cause of the damages sustained by THOMPSON GALETOVIC.

34.

At all times mentioned herein, Defendant CLEAR BLUE SPECIALTY INSURANCE COMPANY had in full force and effect a policy of liability insurance insuring SAINTS AND SINNERS L.L.C. for the liability asserted herein, and as such is liable in law for all damages sought herein.

35.

At all times mentioned herein, Defendants FORTIS RISK SOLUTIONS, LLC and ARTHUR J. GALLAGHER RISK MANAGEMENT SERVICES, INC. served as claims adjusters, agents and mandataries of Defendants SAINTS AND SINNERS L.L.C. and CLEAR BLUE SPECIALTY INSURANCE COMPANY pursuant to Louisiana Civil Code Articles 2985, *et. seq.*, and Louisiana Civil Code Articles 2989, *et. seq.*

**SPOLIATION OF EVIDENCE**

36.

Defendants, collectively, are further liable to Plaintiff for the torts of impairment of a civil claim and intentional spoliation of evidence encompassed within Louisiana Civil Code Article 2315.

37.

Based on communications between Plaintiff's counsel and authorized representatives of FORTIS RISK SOLUTIONS, LLC and ARTHUR J. GALLAGHER RISK MANAGEMENT SERVICES, INC., Defendants, collectively, failed to properly secure and preserve important pieces of evidence, and further manipulated evidence, including, but not limited to video surveillance and employee payroll records.

38.

Additionally, SAINTS AND SINNERS L.L.C., including its management and members of the security staff, have been untruthful to both Plaintiff and to NOPD throughout the investigation of this matter.

39.

Defendant SAINTS AND SINNERS L.L.C. habitually fails to properly secure evidence, impeding injured persons such as Plaintiff from proving their case, decreasing overall safety at the Saints and Sinners restaurant and bar, and giving rise to the legal presumption that said evidence would have proved detrimental to Defendants' case.

40.

Defendants, collectively, had a duty to preserve and maintain material evidence, including video surveillance and payroll records, but, upon information and belief, Defendants did not.

41.

Defendants, collectively, had both actual and constructive notice on December 31, 2019 that material evidence, including video surveillance and employee payroll records, was relevant to an ongoing NOPD investigation, which occurred on the premises of Saints and Sinners, as evidenced by police body camera footage.

42.

Defendants, collectively, had both actual and constructive notice on December 31, 2019 that material evidence, including video surveillance and employee payroll records, was relevant to reasonably anticipated future litigation, both civil and criminal.

43.

Indeed, NOPD police body camera footage from December 31, 2019 reveals a security staff member employed by SAINTS AND SINNERS L.L.C., referred to by himself as the "security

manager" of the restaurant and bar, informing an NOPD officer that video surveillance would have captured any such incident that occurred at the entrance of Saints and Sinners.

44.

As such, Defendants' obligation to preserve material evidence related to the incident described herein arose on December 31, 2019.

45.

During the course of this litigation, Plaintiff will seek sanctions, including an adverse evidentiary presumption that any relevant evidence not produced in discovery by the Defendants, collectively, would have been unfavorable to the Defendants.

46.

Defendants have no reasonable explanation for the failure to preserve evidence related to an attack that occurred at Saints and Sinners.

47.

Defendants did not preserve videotape surveillance of the attack in violation of its own policies and procedures and in violation of a pending investigation by NOPD.

48.

Defendants, collectively, were in exclusive control of all material evidence referenced herein.

## CONTRA NON VALENTEM
### (DISCOVERY RULE AND FRAUDULENT CONCEALMENT)

49.

In addition to material evidence, the name and other identifying information of the Defendant JOHN DOE has been suppressed from Plaintiff, despite multiple requests by Plaintiff's counsel to Defendants, collectively, for the name and identifying information of the "doorman" or "bouncer" depicted in Paragraph 50, below.

50.

Depicted in the paragraph herein is an image of JOHN DOE, wearing a security staff uniform bearing the Saints and Sinners logo, captured through NOPD body camera footage taken on the night of December 31, 2019.



51.

JOHN DOE's formal identification has been withheld from Plaintiff by Defendants, collectively.

52.

Defendants, collectively, have acted in a deliberate manner to prevent Plaintiff, THOMPSON GALETOVIC, from availing himself of a cause of action formally identifying his attacker as a co-defendant in this lawsuit.

53.

The doctrine of *contra non valentem* applies to this delictual action to prevent the running of the liberative prescriptive period, specifically as it relates to Defendant JOHN DOE.

**RELIEF SOUGHT**

54.

Plaintiff, THOMPSON GALETOVIC, was caused to suffer and continues to suffer injuries, including, but not limited to, jaw and dental related injuries as a result of the incident. Plaintiff asserts to the Court that his damages exceeds the amount necessary to establish a trial by jury, but that the damages need to be determined by this Court at the trial of this matter. Accordingly, Plaintiff itemizes his damages listed more particularly, but not exclusively, as follows:

A.   Medical and related expenses; past, present and future, in an amount reasonable in the premises.

B.   Lost wages and/or impairment of earning capacity; past, present and future, in an amount reasonable in the premises.

C.   General damages, including physical pain and suffering; past, present and future; mental anguish; past, present, and future; loss of enjoyment of life; past, present

and future; and disability, in an amount reasonable in the premises, and other items of damage which may be shown through trial.

55.

Plaintiff, THOMPSON GALETOVIC, further avers that, pursuant to Louisiana Code of Civil Procedure Articles 893 and 1732, his damages exceed the amount necessary to establish the right to a jury trial.

WHEREFORE, all premises considered, Plaintiff, THOMPSON GALETOVIC, prays for a trial by jury and further prays that Defendants, SAINTS AND SINNERS L.L.C., CLEAR BLUE SPECIALTY INSURANCE COMPANY, FORTIS RISK SOLUTIONS, LLC, ARTHUR J. GALLAGHER RISK MANAGEMENT SERVICES, INC., and JOHN DOE (service withheld pending formal identification) be duly cited and served with a copy of this Petition for Damages, cited to appear and answer same, and, after all legal delays and due proceedings had, there be a judgment in favor of Plaintiff, THOMPSON GALETOVIC, and against the Defendants, SAINTS AND SINNERS L.L.C., CLEAR BLUE SPECIALTY INSURANCE COMPANY, FORTIS RISK SOLUTIONS, LLC, ARTHUR J. GALLAGHER RISK MANAGEMENT SERVICES, INC., and JOHN DOE, jointly, severally and *in solido* in amounts as are reasonable in the premises, together with legal interest thereon from date of judicial demand, until paid, and for all costs of these proceedings.

FURTHER, for all other such general and equitable relief as this Honorable Court may deem proper.

Dated: November 19, 2020

Respectfully submitted:

Evan P. Fontenot, La. Bar Roll No. 37685
**PENDLEY, BAUDIN & COFFIN, L.L.P.**
24110 Eden Street
P.O. Drawer 71
Plaquemine, Louisiana 70765
Telephone: (225) 687-6396
Facsimile: (225) 687-6398
E-mail: efontenot@pbclawfirm.com

*Attorneys for Plaintiff, Thompson Galetovic*

**A TRUE COPY**

*Michael Horwood*
DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA

**PLEASE SERVE:**

**SAINTS AND SINNERS L.L.C.**
Through its registered agent for service of process:
Leopold Z. Sher
909 Poydras Street, Suite 2800
New Orleans, LA 70112

**CLEAR BLUE SPECIALTY INSURANCE COMPANY**
Through its registered agent for service of process:
Louisiana Secretary of State
8585 Archives Ave
Baton Rouge, LA 70809

**FORTIS RISK SOLUTIONS, LLC**
Through its registered agent for service of process:
Corporation Service Company
501 Louisiana Ave
Baton Rouge, LA 70802

**ARTHUR J. GALLAGHER RISK MANAGEMENT SERVICES, INC.**
Through its registered agent for service of process:
Corporation Service Company
501 Louisiana Ave
Baton Rouge, LA 70802

**<u>SERVICE WITHHELD:</u>**

JOHN DOE, pending formal identification through discovery

**FILED**

2020 NOV 24  P 02:59

CIVIL

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS DISTRICT COURT
STATE OF LOUISIANA

**SUBPOENA**

No. 2020 - 09860          DIVISION "M"          Docket No. _____
                          Section - 13

Thompson Galetovic vs. Saints and Sinners L.L.C., et. al.

TO: New Orleans Police Department, Management Service Bureau, ATTN: Subpoena Unit,
715 S. Broad St., New Orleans, LA 70119

**CLERK, CIVIL DISTRICT COURT** - Please issue a subpoena to the above party as directed below.

---

**SUBPOENA REQUEST**

[    ] **YOU ARE COMMANDED** to appear in the Civil District Court, Parish of Orleans in Division "_____", 421 Loyola Ave., New Orleans, LA 70112, on the _____ day of _____, 20____ at _____ o'clock _____.m., to testify the truth according to your knowledge, in a controversy pending herein between the parties above named; and hereof you are not to fail under the penalty of the law. By order of the Court.

---

**DEPOSITION SUBPOENA REQUEST**

[    ] **YOU ARE COMMANDED** to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

---

**REQUEST FOR WRIT OF SUBPOENA DUCES TECUM**

[ ✓ ] **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects for the [    ] trial, [ ✓ ] deposition, or [    ] hearing (state type) _____ at the place, date and time specified below (list documents or objects) pursuant to the provisions of Article 1354 et. seq. of the LA Code of Civil Procedure.

NOTICE: ARTICLE 1354 APPEARS IN FULL ON BACK OF SERVICE COPY

A complete copy of the police report and any supplemental reports associated with NOPD Item No. L-40429-19 (Signal No. 35, Car No. 9634, officers D. Wize/J. Tucker, District 8) for the assault and battery incident that occurred at approximately 11:00p.m. on 12/31/2019 at 627 Bourbon St., New Orleans, LA 70130 (records only depos. tion)

| PLACE | DATE AND TIME |
|---|---|
| 24110 Eden St., Plaquemine, LA 70764 | 12/14/2020 at 10:00a.m. (on or before) |

CHELSEY RICHARD NAPOLEON, CLERK
CIVIL DISTRICT COURT

Issued at the request of; and,
Fees and cost guaranteed by undersigned

ATTORNEY                    _Evan P. Fontenot_
                           Attorney's signature

ATTORNEY'S
NAME & BAR NUMBER          Evan P. Fontenot, La. Bar. No. 37685

ADDRESS                    Pendley, Baudin and Coffin, LLP
&
TELEPHONE NUMBER           24110 Eden St.
                           Plaquemine, LA 70764  Tel: (225) 687-6396

File original and two copies with Clerk          **VERIFIED**
fourth copy for Attorney's File

ORIGINAL REQUEST          Yanley Salazar

2020 NOV 24  P 03:57

**FILED**

2020 NOV 24  P 02:59

CIVIL

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS DISTRICT COURT
STATE OF LOUISIANA

**SUBPOENA**

No. 2020 -09860          DIVISION "M "          Docket No. _____
                         Section -13

*Thompson Galetovic* vs. *Saints and Sinners, L.L.C., et. al.*

TO: *New Orleans Police Department, Management Service Bureau, ATTN: Subpoena Unit, 715 S. Broad St., New Orleans, LA 70119*
CLERK, CIVIL DISTRICT COURT - Please issue a subpoena to the above party as directed below.

---

**SUBPOENA REQUEST**

[    ]  **YOU ARE COMMANDED** to appear in the Civil District Court, Parish of Orleans in Division "_____", 421 Loyola Ave., New Orleans, LA 70112, on the _____ day of _____, 20____ at _____ o'clock ____.m., to testify the truth according to your knowledge, in a controversy pending herein between the parties above named; and hereof you are not to fail under the penalty of the law. By order of the Court.

---

**DEPOSITION SUBPOENA REQUEST**

[    ]  **YOU ARE COMMANDED** to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

**REQUEST FOR WRIT OF SUBPOENA DUCES TECUM**

[ ✓ ]  **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects for the [    ] trial, [ ✓ ] deposition, or [    ] hearing (state type) _____ at the place, date and time specified below (list documents or objects) pursuant to the provisions of Article 1354 et. seq. of the LA Code of Civil Procedure.

NOTICE: ARTICLE 1354 APPEARS IN FULL ON BACK OF SERVICE COPY

*A complete copy of the police report and any supplemental reports associated with NOPD Item No. L- 40929-19 (signal No. 35, Car No. 9634, Officers D. Wise & T. Tucker, District 8) for the assault and battery incident that occurred at approximately 11:00 p.m. on 12/31/2019 at 627 Bourbon St., New Orleans, LA 70130 (records only deposition)*

| PLACE | DATE AND TIME |
|---|---|
| *24110 Eden St., Plaquemine, LA 70764* | *12/14/2020 at 10:00 a.m.* |
| | *(on or before)* |

Issued at the request of; and,          **CHELSEY RICHARD NAPOLEON, CLERK**
Fees and cost guaranteed by undersigned          **CIVIL DISTRICT COURT**

**ATTORNEY**                    _____
                               Attorney's signature

**ATTORNEY'S**
**NAME & BAR NUMBER**          *Evan P. Fontenot, LaBar No 37685*

**ADDRESS**                    *Pendley, Baudin and Coffin, LLP*
**&**                          *24110 Eden St.*
**TELEPHONE NUMBER**           *Plaquemine, LA 70764  Tel: (225) 687-6396*

File original and two copies with Clerk
fourth copy for Attorney's File

E-105                          SERVICE COPY

E-Filed

BRING THIS NOTICE WITH YOU.

FILED

2020 NOV 24  P 02:59

CIVIL

DISTRICT COURT

### Louisiana Code of Civil Procedure Article 1354:  Subpoena duces tecum

A.  A subpoena may order a person to appear and produce at the trial, deposition, or hearing, books, papers, documents, any other tangible things, or electronically stored information, in his possession or under his control, if a reasonably accurate description thereof is given.  A subpoena may specify the form or forms in which electronically stored information is to be produced.  A party or an attorney requesting the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or cost on a person subject to that subpoena.  The court in which the action is pending in its discretion may vacate or modify the subpoena if it is unreasonable or oppressive.  Except when otherwise required by order of the court, certified copies, extracts, or copies of books, papers, and documents may be produced in obedience to the subpoena duces tecum instead of the originals thereof.  If the party or attorney requesting the subpoena does not specify that the named person shall be ordered to appear, the person may designate another person having knowledge of the contents of the books, papers, documents, other things, or electronically stored information, to appear as his representative.

B.  A person commanded to respond to a subpoena duces tecum may within fifteen days after service of the subpoena or before the time specified for compliance, if such time is less than fifteen days after service, send to the party or attorney designated in the subpoena written objections, with supporting reasons, to any or all of the requests, including objection to the production of electronically stored information in the form or forms requested.  If objection is so made, the party serving the subpoena may file a motion to compel compliance with the subpoena and may move for sanctions for failure to reasonably comply.

C.  A person responding to a subpoena to produce books, papers, or documents shall produce them as they are kept in the usual course of business or may organize and label them to correspond with the categories in the demand.

D.  If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena may produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably useable.

E.  A person responding to a subpoena need not produce the same electronically stored information in more than one form.

F.  A person responding to a subpoena need not produce books, papers, documents, or electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost.  On motion to compel production or to quash, the person from whom production is sought shall show that the information sought is not reasonably accessible because of undue burden or cost.  If that showing is made, the court may nonetheless order production from such sources if the requesting party shows good cause.  The court may specify conditions, including an allocation of the costs, for the production.

G.  When the person subpoenaed is an adverse party, the party requesting the subpoena duces tecum may accompany his request with a written request under oath as to what facts he believes the books, papers, documents, electronically stored information, or tangible things will prove, and a copy of such statement shall be attached to the subpoena.  If the party subpoenaed fails to comply with the subpoena, the facts set forth in the written statement shall be taken as confessed, and in addition the party subpoenaed shall be subject to the penalties set forth in Article 1357.

H.  Subpoenas duces tecum shall reproduce in full the provisions of this Article.

Amended by Acts 1978, No. 593, §1; Acts 2008, No. 824, §2, eff. Jan. 1, 2009.

**FILED**

2020 NOV 24  P 02:59

CIVIL

DISTRICT COURT

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

**SUBPOENA**

No. _2020-09860_                    DIVISION "_M_"                    Docket No. _____
                                                    Section -13

_Thompson Galetovic_ vs. _Saints and Sinners L.L.C, et. al._

TO: _New Orleans Police Department, Management Service Bureau, ATTN:_
_Subpoena Unit: 715  1 S. Broad St., New Orleans, LA 70119_
**CLERK, CIVIL DISTRICT COURT** - Please issue a subpoena to the above party as directed
below.

---

**SUBPOENA REQUEST**

[      ] **YOU ARE COMMANDED** to appear in the Civil District Court, Parish of Orleans in Division
"_____", 421 Loyola Ave., New Orleans, LA 70112, on the _____ day of _____, 20____ at
_____ o'clock ____.m., to testify the truth according to your knowledge, in a controversy pending
herein between the parties above named; and hereof you are not to fail under the penalty of the law.  By order
of the Court.

---

**DEPOSITION SUBPOENA REQUEST**

[      ] **YOU ARE COMMANDED** to appear at the place, date and time specified below to testify at the
taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
|  |  |

---

**REQUEST FOR WRIT OF SUBPOENA DUCES TECUM**

[ ✔ ] **YOU ARE COMMANDED** to produce and permit inspection and copying of the following docu-
ments or objects for the [    ] trial, [ ✔ ] deposition, or [    ] hearing (state type) _____
_____ at the place, date and time specified below (list documents or objects) pursuant to the
provisions of Article 1354 et. seq. of the LA Code of Civil Procedure.

_A complete copy of the police report and any supplemental reports
associated with NOPD Item No. L-40429-19 (Signal No.35,
Car No. 9634, Officers D. Wise/J. Tucker, District 8) for the assault
and battery incident that occurred at approximately 11:00 p.m. on
12/31/2019 at 627 Bourbon St, New Orleans, LA 70130 (records only deposition)_

| PLACE | DATE AND TIME |
| --- | --- |
| _24110 Eden St., Plaquemine, LA 70764_ | _12/14/2020 at 10:00 a.m._ |
|  | _(on or before)_ |

---

Issued at the request of; and,
Fees and cost guaranteed by undersigned

CHELSEY RICHARD NAPOLEON, CLERK
CIVIL DISTRICT COURT

**ATTORNEY**                    _Evan P. Fontenot_
                                        Attorney's signature

**ATTORNEY'S**
**NAME & BAR NUMBER**        _Evan P. Fontenot, La. Bar. No. 37685_

                                        _Pendley, Baudin and Coffin, LLP_
**ADDRESS**
**&**                            _24110 Eden St._
**TELEPHONE NUMBER**
                                        _Plaquemine, LA 70764 Tel: (225) 687-6396_

File original and two copies with Clerk
fourth copy for Attorney's File

E-105                                    SHERIFF 'S RETURN

E-Filed

**FILED**

2020 NOV 24  P 02:59

CIVIL
DISTRICT COURT

RETURN FOR PERSONAL SERVICE

DOMICILIARY SERVICE

On the _____ day of _____

20_____ served a copy of the within

On _____

in person _____

**Return same day**

_____
**Deputy Sheriff of Orleans Parish**

On the _____ day of _____

20_____ served a copy of the within _____

On _____

by leaving same at _____

domiciled or usual place of abode _____

_____ in the

hands of a person of suitable age and discretion,

residing therein as a member of _____

_____ domiciliary

establishment, whose name and other facts

connected, with this service I learned by

interrogating the said _____

_____the said _____

_____ being absent from _____

_____ domicile at time of said service

**Return same day**

_____
**Deputy Sheriff of Orleans Parish**

_____**ENTERED**_____
PAPER                          RETURN

_____/_____/_____
SERIAL NO.        DEPUTY        PARISH

**FILED**

2020 NOV 24  P 02:59

CIVIL

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS **DISTRICT COURT**
STATE OF LOUISIANA

.SUBPOENA

No. *2020 - 09860*          DIVISION *"M "*          Docket No. _____
                              *Section - 13*

*Thompson Baletovic*  vs.  *Saints and Sinners L.L.C, et. al.*

TO: *New Orleans Police Department, Management Service Bureau, ATTN:*
*Subpoena Unit, 715 S. Broad St. New Orleans, LA 70119*
**CLERK, CIVIL DISTRICT COURT** - Please issue a subpoena to the above party as directed
below,

---

**SUBPOENA REQUEST**

[   ] **YOU ARE COMMANDED** to appear in the Civil District Court, Parish of Orleans in Division
"____", 421 Loyola Ave., New Orleans, LA 70112, on the _____ day of _____, 20____ at
_____ o'clock ____.m., to testify the truth according to your knowledge, in a controversy pending
herein between the parties above named; and hereof you are not to fail under the penalty of the law. By order
of the Court.

---

**DEPOSITION SUBPOENA REQUEST**

[ ✓ ] **YOU ARE COMMANDED** to appear at the place, date and time specified below to testify at the
taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

---

**REQUEST FOR WRIT OF SUBPOENA DUCES TECUM**

[ ✓ ] **YOU ARE COMMANDED** to produce and permit inspection and copying of the following docu-
ments or objects for the [   ] trial, [ ✓ ] deposition, or [   ] hearing (state type) _____
_____ at the place, date and time specified below (list documents or objects) pursuant to the
provisions of Article 1354. et. seq. of the LA Code of Civil Procedure.

*A complete copy of the police report and any supplemental reports*
*associated with NOPD Item No. L-40429-19 (Signal No. 35,*
*Car No. 9634, Officers D. Wise / J. Tucker, District 8) for the assault*
*and battery incident that occurred at approximately 11:00 p.m. on*
*12/31/2019 at 627 Bourbon St., New Orleans, LA 70130 (records only*
*deposition)*

| PLACE | DATE AND TIME |
|---|---|
| *24110 Eden St., Plaquemine, LA 70764* | *12/14/2020 at 10:00 a.m.* |

CHELSEY RICHARD NAPOLEON, CLERK *(on or*
CIVIL DISTRICT COURT          *before)*

Issued at the request of; and,
Fees and cost guaranteed by undersigned

ATTORNEY                     *Evan P. Fontenot*
                              Attorney's signature

ATTORNEY'S
NAME & BAR NUMBER            *Evan P. Fontenot, La Bar No. 37685*

                              *Pendley, Baudin and Coffin, LLP*
ADDRESS
&                             *24110 Eden St.*
TELEPHONE NUMBER
                              *Plaquemine, LA 70764 Tel: (225) 687-6396*

File original and two copies with Clerk
fourth copy for Attorney's File

E-105                         ATTORNEY'S RETURN

E-Filed

**FILED**

2020 NOV 24  P 02:59

CIVIL

DISTRICT COURT

# SHERIFF'S RETURN COVER LETTER

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

### STATE OF LOUISIANA

**MARLIN N. GUSMAN, SHERIFF ORLEANS PARISH**

421 Loyola Avenue, Suite 403 Civil Courts Bldg, New Orleans, LA 70112
Phone: (504) 679-6380                     FAX: (504) 525-4912
Web: http://OPSO.us                     E-Mail: Info@opso.us

Case No.: _2020 - 09860_     Division: _M - 13_

_Thompson Goletovic_

versus

_Saints and Sinners L.L.C, et. al._

PARTY TO BE SERVED: _New Orleans Police Department_

THROUGH: _NOPD_

ADDRESS: _Management Service Bureau -ATTN: Subpoena Unit_

SUITE/ROOM: _715 S. Broad St._

CITY: _New Orleans, LA 70119_

SPECIAL SERVICE INSTRUCTIONS: _____

DOCUMENT TYPE: _Subpoena Duces Tecum_

FILED BY ATTORNEY: _Evan P.Fontenot_     BAR NO. _37685_

DATE OF FILING: _11/24/2020_

ATTACHMENTS/EXHIBITS: _____

---

| RETURN FOR PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| | On this_____day of_____20____ served |
| | a copy of the within _____ |
| On the_____day of_____20_____served | |
| a copy of the within _____ | _____ |
| _____On | on _____ |
| _____in | |
| person _____ | by leaving same at_____domicile or usual |
| | place of abode _____ |
| | in the hand of _____ |
| | a person of suitable age and discretion, residing therein as a |
| | member of_____domiciliary |
| Return same day | establishment, whose name and other facts |
| | connected with this service I learned by interrogating |
| _____ | the said _____ |
| Deputy Sheriff of Orleans Parish | the said_____being |
| | absent from_____domicile at time of said service. |
| _____ENTERED _____ | |
| PAPER          RETURN | Returned same day |
| | |
| ____/_____/_____ | |
| SERIAL NO.     DEPUTY     PARISH | _____ |
| | Deputy Sheriff of Orleans Parish |

Revised: July 17, 2020          OPSO          Page 1 of 1
Form 95

E-Filed

**FILED**

2020 NOV 24  P 02:59

CIVIL

DISTRICT COURT

# SHERIFF'S RETURN COVER LETTER

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

### STATE OF LOUISIANA

**MARLIN N. GUSMAN, SHERIFF ORLEANS PARISH**
421 Loyola Avenue, Suite 403 Civil Courts Bldg, New Orleans, LA 70112
Phone: (504) 679-6380                        FAX: (504) 525-4912
Web: http://OPSO.us                         E-Mail: Info@opso.us

Case No.: _2020 - 09860_                              Division: _M - 13_

_Thompson   Goletovic_

versus

_Saints and Sinners L.L.C, et. al._

PARTY TO BE SERVED:        _New Orleans Police Department_

THROUGH:                   _NOPD_

ADDRESS:                   _Management Service Bureau - ATTN: Subpoena Unit_

SUITE/ROOM:                _715 S. Broad St._

CITY:                      _New Orleans, LA 70119_

SPECIAL SERVICE INSTRUCTIONS: _____

DOCUMENT TYPE:             _Subpoena Duces Tecum_

FILED BY ATTORNEY:         _Evan P. Fontenot_          BAR NO. _37685_

DATE OF FILING:            _11/24/2020_

ATTACHMENTS/EXHIBITS: _____

---

**RETURN FOR PERSONAL SERVICE**

On the_____day of_____20_____served

a copy of the within _____

_____On

_____in

person _____

_____

Return same day

_____

Deputy Sheriff of Orleans Parish

_____ENTERED_____

PAPER                        RETURN

SERIAL NO.      DEPUTY      PARISH

**DOMICILIARY SERVICE**

On this_____day of_____20_____served

a copy of the within _____

_____

on _____

by leaving same at_____domicile or usual

place of abode _____

in the hand of _____

a person of suitable age and discretion, residing therein as a

member of_____domiciliary

establishment, whose name and other facts

connected with this service I learned by interrogating

the said _____

the said_____being

absent from_____domicile at time of said service.

Returned same day

_____

Deputy Sheriff of Orleans Parish

Revised: July 17, 2020
Form 9S

OPSO

Page 1 of 1

E-Filed

*20-1840*



**PBC** | **PENDLEY BAUDIN & COFFIN**
ATTORNEYS AT LAW

Patrick W. Pendley
Stanley P. Baudin
Christopher L. Coffin\*†
\*Also admitted in Georgia
†Registered nurse
Pamela P. Baudin

Jessica A. Reynolds
Evan P. Fontenot
Shannon A. Shelton
Anna K. Higgins
Andrea L. Barient

Of Counsel
David M. Hundley\*
\*Admitted only in Illinois
Tracy L. Turner\*†
\*Admitted only in Ohio

*FILED*
*2020 [...] 1: 45*

*CIVIL*
*DISTRICT COURT*

November 19, 2020

*Via hand-delivery*

The Honorable Chelsey Richard Napoleon
Clerk of Court
Civil District Court for the Parish of Orleans
421 Loyola Ave, Room 402
New Orleans, LA 70112

RE:   **Petition for Damages, Jury Demand, and Request for Service of Defendants**
*Thompson Galetovic vs. Saints and Sinners L.L.C., et. al.*
Our File No. 6969

Dear Madam:

Enclosed herewith please find an original and five (5) copies of the Petition for Damages that we have prepared in this matter on behalf of our client, Thompson Galetovic.

Please file the original and return one date-stamped copy to our office. Please coordinate service of the four (4) named defendants in this matter as indicated in the Petition for Damages.

Pursuant to our discussions with your office, additionally enclosed is firm check # 20289 in the amount of $1,296.00 addressed to the Clerk of Court for the cost of filing a Petition for Damages with Jury Demand, firm check #20290 in the amount of $120.00 addressed to the Orleans Parish Sheriff's Office for service of the Orleans Parish defendants, and firm check number 20288 in the amount of $106.80 addressed the East Baton Rouge Parish Sheriff's office for service of the East Baton Rouge Parish defendants.

Also enclosed is a Civil Cover Sheet and four (4) pre-filled Sheriff's Return Cover Sheets.

If you have any questions or concerns concerning this matter, please do not hesitate to contact me at (225) 687-6396.

Sincerely,

Evan P. Fontenot

Enclosures

---

**Plaquemine**
Post Office Drawer 71
24110 Eden Street
Plaquemine, LA 70765

T (225) 687.6396
F (225) 687.6398
pbclawfirm.com

**New Orleans**
2505 Energy Centre
1100 Poydras St.
New Orleans, LA 70163

T (504) 355.0086
F (504) 355.0089
pbclawfirm.com

---

*24110 Eden St., Plaquemine, LA 70764* | *12/14/2020 at 10:00 a.m.*
*(or before)*

*Chelsey Richard Napoleon*

Issued at the request of; and,
Fees and cost guaranteed by undersigned

CHELSEY RICHARD NAPOLEON, CLERK
CIVIL DISTRICT COURT **A TRUE COPY**

*Michael Noival*
DEPUTY CLERK CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA

**ATTORNEY**                  *Evan P. Fontenot*
                              Attorney's signature

**ATTORNEY'S**
**NAME & BAR NUMBER**     *Evan P. Fontenot, La. Bar. No. 37685*

**ADDRESS**              *Pendley, Baudin and Coffin, LLP*

FILED

2020 NOV 24  P 02:59

CIVIL

DISTRICT COURT

## RETURN FOR PERSONAL SERVICE

## DOMICILIARY SERVICE

On the _____ day of _____

20_____ served a copy of the within

_____

On _____

_____

in person _____

**Return same day**

_____

**Deputy Sheriff of Orleans Parish**

On the _____ day of _____

20_____ served a copy of the within _____

_____

On _____

_____

by leaving same at _____

domiciled or usual place of abode _____

_____ in the

hands of a person of suitable age and discretion,

residing therein as a member of _____

_____ domiciliary

establishment, whose name and other facts

connected, with this service I learned by

interrogating the said _____

_____ the said _____

_____ being absent from _____

_____ domicile at time of said service

**ENTERED**

| PAPER | | RETURN |
|-------|--|--------|

| | / | | / | |
|-------|-----|--------|
| SERIAL NO. | DEPUTY | PARISH |

**Return same day**

_____

**Deputy Sheriff of Orleans Parish**

**FILED**

2020 DEC 30  P 03:09

CIVIL
DISTRICT COURT

**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**

**STATE OF LOUISIANA**

NO.   2020-9860                                        **DIVISION "M"**

**THOMPSON GALETOVIC**

**VERSUS**

**SAINTS AND SINNERS L.L.C., ET AL.**

**FIRST AMENDED PETITION FOR DAMAGES**

NOW INTO COURT, through undersigned counsel, comes Plaintiff, THOMPSON GALETOVIC, a person of the full age of majority domiciled in Fulton County, Georgia who respectfully seeks to amend his Petition for Damages to read as follows:

1.

Made defendants ("Defendants") herein are:

A. **SAINTS AND SINNERS L.L.C.**, a Louisiana limited liability company authorized to do and doing business in the Parish of Orleans, State of Louisiana;

B. **CLEAR BLUE SPECIALTY INSURANCE COMPANY**, a foreign insurance company authorized to do and doing business in the Parish of Orleans, State of Louisiana;

C. **FORTIS RISK SOLUTIONS, LLC**, a foreign limited liability company authorized to do and doing business in the Parish of Orleans, State of Louisiana;

D. **ARTHUR J. GALLAGHER RISK MANAGEMENT SERVICES, INC.**, a foreign business corporation authorized to do and doing business in the Parish of Orleans, State of Louisiana; and

E. **DARNELL EDWARDS**, a person of the full age of majority residing in Orleans Parish, State of Louisiana, who was employed by Defendant SAINTS AND SINNERS L.L.C. at all relevant times described herein.

Plaintiff does herein respectfully reserve the right to amend and/or supplement this First Amended Petition to name any additional defendants, along with the identities of liability insurance carriers of said Defendants.

2.

Venue is proper in this Court pursuant to Louisiana Code of Civil Procedure Article 42, as one or more of the Defendants is domiciled in this Parish. Venue is further proper in this Court pursuant to Louisiana Code of Civil Procedure Article 74 as the wrongful conduct alleged herein occurred in this Parish and the damages were primarily sustained in this Parish. Venue is further proper in this Court pursuant to Louisiana Code of Civil Procedure Article 76 as an action against an insurance policy may be brought in the Parish where the loss occurred.

1

**VERIFIED**

Amber Sheeler

2020 DEC 30  P 03:24

**FILED**

2020 DEC 30  P 03:09

CIVIL

DISTRICT COURT

3.

Defendants herein are justly and truly indebted to Plaintiff, jointly, severally and *in solido* for such damages as are reasonable in the premises, including past, present and future physical pain and suffering, past, present and future mental anguish, past, present and future medical expenses, past, present and future loss of enjoyment of life, past, present and future loss of earnings, and disability, together with legal interest thereon from date of judicial demand, until paid, and for all costs of these proceedings, for the following to-wit:

## FACTUAL ALLEGATIONS

4.

On December 31, 2019, Plaintiff, THOMPSON GALETOVIC, was an expected and invited patron of the restaurant and bar known as Saints and Sinners (a/k/a Saints & Sinners), located at 627 Bourbon Street, New Orleans, Louisiana 70130, which property is owned and operated by Defendant SAINTS AND SINNERS L.L.C.

5.

On December 31, 2019, at approximately 10:00 p.m., Plaintiff, THOMPSON GALETOVIC, who was accompanied with other patrons, attempted to lawfully enter Saints and Sinners as an expected and invited patron of Saints and Sinners.

6.

Defendant DARNELL EDWARDS was employed by Defendant SAINTS AND SINNERS L.L.C. as the "doorman" or "bouncer" of the Saints and Sinners establishment's security staff and was working on behalf of SAINTS AND SINNERS L.LC. at the entrance of the establishment on December 31, 2019.

7.

As Plaintiff THOMPSON GALETOVIC faced Defendant DARNELL EDWARDS at the entrance of Saints and Sinners, DARNELL EDWARDS viciously punched THOMPSON GALETOVIC in the face, knocking Plaintiff to the concrete.

8.

DARNELL EDWARDS attempted to commit a battery on THOMPSON GALETOVIC and intentionally placed THOMPSON GALETOVIC in reasonable apprehension of receiving harmful and offensive contact and in reasonable apprehension of receiving an imminent battery.

2

**FILED**

2020 DEC 30  P 03:09

CIVIL

DISTRICT COURT

9.

Considering the foregoing, DARNELL EDWARDS committed the tortious act of assault on THOMPSON GALETOVIC.

10.

DARNELL EDWARDS voluntarily made harmful and offensive contact with THOMPSON GALETOVIC.

11.

DARNELL EDWARDS's actions were malicious with the intent to cause THOMPSON GALETOVIC to suffer such harmful and offensive contact and to inflict damage upon THOMPSON GALETOVIC.

12.

DARNELL EDWARDS intended to inflict such harmful, invasive and offensive contact without the consent of THOMPSON GALETOVIC.

13.

DARNELL EDWARDS's actions were neither justified, privileged nor in self-defense, as THOMPSON GALETOVIC was neither an aggressor nor did Plaintiff provoke the attack.

14.

THOMPSON GALETOVIC posed no actual or reasonably apparent threat to DARNELL EDWARDS's safety requiring any use of force whatsoever.

15.

Considering the foregoing, DARNELL EDWARDS committed the tortious act of battery on THOMPSON GALETOVIC.

16.

At all relevant times, THOMPSON GALETOVIC neither expressly nor impliedly consented to the tortious acts of assault and battery.

17.

DARNELL EDWARDS's actions in carrying out the assault and battery caused THOMPSON GALETOVIC to suffer extensive damages, as described in more detail herein.

3

FILED

2020 DEC 30  P 03:09
CIVIL
DISTRICT COURT

18.

DARNELL EDWARDS's attack on THOMPSON GALETOVIC was witnessed by multiple patrons and other employees of Defendant SAINTS AND SINNERS L.L.C., including members of the security staff at Saints and Sinners.

19.

Specifically, an independent eyewitness assisted THOMPSON GALETOVIC in coordinating with Emergency Medical Services ("EMS") and the New Orleans Police Department ("NOPD") immediately after the attack.

20.

NOPD Officers D. Wise an J. Tucker of the NOPD Eighth District responded to the aforementioned attack, which was assigned an NOPD incident report bearing the following description: Item No. L-40429-19, Signal No. 35 and Car No. 9634.

21.

The aforementioned eyewitness confirmed that DARNELL EDWARDS's attack on THOMPSON GALETOVIC was malicious, unprovoked, excessive and unwarranted.

22.

DARNELL EDWARDS confronted and intimidated the eyewitness later in the same evening at Saints and Sinners.

23.

Immediately after the attack, THOMPSON GALETOVIC was taken via ambulance to the hospital, where he was diagnosed and treated for extensive physical injuries ultimately requiring surgical intervention.

24.

As a direct result of DARNELL EDWARDS's attack, THOMPSON GALETOVIC was caused to suffer severe injuries, including, but not limited to, jaw and dental-related injuries.

25.

Defendant SAINTS AND SINNERS L.L.C. is vicariously liable under the theory of *respondeat superior*, for the actions and/or inactions of their employees, including DARNELL EDWARDS, and, as such, Defendant SAINTS AND SINNERS L.L.C. is liable unto Plaintiff for damages he sustained at the Saints and Sinners restaurant and bar.

4

E-Filed

FILED

2020 DEC 30  P 03:09

CIVIL

DISTRICT COURT

26.

Pursuant to Louisiana Civil Code Article 2320, SAINTS AND SINNERS L.L.C., as the employer of DARNELL EDWARDS, is vicariously liable for the tortious acts of DARNELL EDWARDS, who was in the exercise of the functions in which he was employed.

27.

At all relevant times, DARNELL EDWARDS was acting in the course and scope of his employment with SAINTS AND SINNERS L.L.C., and DARNELL EDWARDS's negligent and tortious actions were closely connected in time, place and causation to his employment duties so as to be regarded a risk of harm fairly attributable to the business of SAINTS AND SINNERS L.L.C.

28.

At all relevant times, DARNELL EDWARDS was subject to the control and right of control of SAINTS AND SINNERS L.L.C.

29.

At all relevant times, DARNELL EDWARDS's actions were primarily employment-rooted, were reasonably incidental to the performance of his employment duties, occurred during business hours, and occurred on the premises of Saints and Sinners.

30.

No action or inaction on the part of the Plaintiff caused or contributed to the happening of the incident aforesaid.

31.

Pursuant to Louisiana Civil Code Article 2315, Defendants are liable to Plaintiff for injuries caused by the wrongful acts of DARNELL EDWARDS, including, but not limited to, the intentional torts of assault and battery.

32.

Plaintiff was not at fault in the incident mentioned herein. His injuries were caused solely by the fault and negligence of Defendants, including its agents, mandataries and employees, in the following non-exclusive particulars:

a) The intentional tort of assault;

b) The intentional tort of battery;

c) Primary liability under Louisiana Civil Code Article 2315;

5

FILED

2020 DEC 30  P 03:09

CIVIL

DISTRICT COURT

d) Vicarious liability under Louisiana Civil Code Article 2320;

e) Negligent training of the employees and security staff of Saints and Sinners, including, but not limited to, DARNELL EDWARDS, regarding safe interactions with patrons of Saints and Sinners and regarding the preservation of evidence;

f) Negligent retention of the employees and security staff of Saints and Sinners, including, but not limited to, DARNELL EDWARDS;

g) Negligent hiring of the employees and security staff of Saints and Sinners, including, but not limited to, DARNELL EDWARDS;

h) Negligent supervision of the employees and security staff of Saints and Sinners, including, but not limited to, DARNELL EDWARDS, regarding safe interactions with patrons of Saints and Sinners and regarding the preservation of evidence; and

i) Any other acts of negligence which may be revealed through discovery, added as a negligence allegation in a Supplemental and Amending Petition for Damages, and proven at the trial of this case.

33.

SAINTS AND SINNERS L.L.C. owed a duty to its expected and invited patrons, including

THOMPSON GALETOVIC, breached that duty, with said breach being the cause-in-fact and

proximate cause of the damages sustained by THOMPSON GALETOVIC.

34.

At all times mentioned herein, Defendant CLEAR BLUE SPECIALTY INSURANCE

COMPANY had in full force and effect a policy of liability insurance insuring SAINTS AND

SINNERS L.L.C. for the liability asserted herein, and as such is liable in law for all damages

sought herein.

35.

At all times mentioned herein, Defendants FORTIS RISK SOLUTIONS, LLC and

ARTHUR J. GALLAGHER RISK MANAGEMENT SERVICES, INC. served as claims

adjusters, agents and mandataries of Defendants SAINTS AND SINNERS L.L.C. and CLEAR

BLUE SPECIALTY INSURANCE COMPANY pursuant to Louisiana Civil Code Articles 2985,

*et. seq.*, and Louisiana Civil Code Articles 2989, *et. seq.*

**SPOLIATION OF EVIDENCE**

36.

Defendants, collectively, are further liable to Plaintiff for the torts of impairment of a civil

claim and intentional spoliation of evidence encompassed within Louisiana Civil Code Article

2315.

6

FILED

2020 DEC 30   P 03:09

CIVIL

DISTRICT COURT

37.

Based on communications between Plaintiff's counsel and authorized representatives of FORTIS RISK SOLUTIONS, LLC and ARTHUR J. GALLAGHER RISK MANAGEMENT SERVICES, INC., Defendants, collectively, failed to properly secure and preserve important pieces of evidence, and further manipulated evidence, including, but not limited to video surveillance and employee payroll records.

38.

Additionally, SAINTS AND SINNERS L.L.C., including its management and members of the security staff, have been untruthful to both Plaintiff and to NOPD throughout the investigation of this matter.

39.

Defendant SAINTS AND SINNERS L.L.C. habitually fails to properly secure evidence, impeding injured persons such as Plaintiff from proving their case, decreasing overall safety at the Saints and Sinners restaurant and bar, and giving rise to the legal presumption that said evidence would have proved detrimental to Defendants' case.

40.

Defendants, collectively, had a duty to preserve and maintain material evidence, including video surveillance and payroll records, but, upon information and belief, Defendants did not.

41.

Defendants, collectively, had both actual and constructive notice on December 31, 2019 that material evidence, including video surveillance and employee payroll records, was relevant to an ongoing NOPD investigation, which occurred on the premises of Saints and Sinners, as evidenced by police body camera footage.

42.

Defendants, collectively, had both actual and constructive notice on December 31, 2019 that material evidence, including video surveillance and employee payroll records, was relevant to reasonably anticipated future litigation, both civil and criminal.

43.

Indeed, NOPD police body camera footage from December 31, 2019 reveals a security staff member employed by SAINTS AND SINNERS L.L.C., referred to by himself as the "security

7

FILED

2020 DEC 30  P 03:09

CIVIL

DISTRICT COURT

manager" of the restaurant and bar, informing an NOPD officer that video surveillance would have

captured any such incident that occurred at the entrance of Saints and Sinners.

44.

As such, Defendants' obligation to preserve material evidence related to the incident

described herein arose on December 31, 2019.

45.

During the course of this litigation, Plaintiff will seek sanctions, including an adverse

evidentiary presumption that any relevant evidence not produced in discovery by the Defendants,

collectively, would have been unfavorable to the Defendants.

46.

Defendants have no reasonable explanation for the failure to preserve evidence related to

an attack that occurred at Saints and Sinners.

47.

Defendants did not preserve videotape surveillance of the attack in violation of its own

policies and procedures and in violation of a pending investigation by NOPD.

48.

Defendants, collectively, were in exclusive control of all material evidence referenced

herein.

## CONTRA NON VALENTEM
## (DISCOVERY RULE AND FRAUDULENT CONCEALMENT)

49.

In addition to material evidence, the name and other identifying information of Plaintiff's

attacker has been suppressed from Plaintiff by Defendants, collectively, despite multiple requests

by Plaintiff's counsel to Defendants, collectively, for the name and identifying information of the

"doorman" or "bouncer," for the name and identifying information of other pertinent security staff

members who worked at Saints and Sinners on December 31, 2019, and for the security camera

footage.

50.

Defendants, collectively, have acted in a deliberate manner to prevent Plaintiff,

THOMPSON GALETOVIC, from availing himself of his causes of action arising out of the

incident described herein.

8

**FILED**

2020 DEC 30  P 03:09

CIVIL

DISTRICT COURT

51.

The doctrine of *contra non valentem* applies to this delictual action to prevent the running of the liberative prescriptive period.

## **RELIEF SOUGHT**

52.

Plaintiff, THOMPSON GALETOVIC, was caused to suffer and continues to suffer injuries, including, but not limited to, jaw and dental related injuries as a result of the incident. Plaintiff asserts to the Court that his damages exceeds the amount necessary to establish a trial by jury, but that the damages need to be determined by this Court at the trial of this matter. Accordingly, Plaintiff itemizes his damages listed more particularly, but not exclusively, as follows:

A.  Medical and related expenses; past, present and future, in an amount reasonable in the premises.

B.  Lost wages and/or impairment of earning capacity; past, present and future, in an amount reasonable in the premises.

C.  General damages, including physical pain and suffering; past, present and future; mental anguish; past, present, and future; loss of enjoyment of life; past, present and future; and disability, in an amount reasonable in the premises, and other items of damage which may be shown through trial.

53.

Plaintiff, THOMPSON GALETOVIC, further avers that, pursuant to Louisiana Code of Civil Procedure Articles 893 and 1732, his damages exceed the amount necessary to establish the right to a jury trial.

WHEREFORE, all premises considered, Plaintiff, THOMPSON GALETOVIC, prays for a trial by jury and further prays that Defendants, SAINTS AND SINNERS L.L.C., CLEAR BLUE SPECIALTY INSURANCE COMPANY, FORTIS RISK SOLUTIONS, LLC, ARTHUR J. GALLAGHER RISK MANAGEMENT SERVICES, INC., and DARNELL EDWARDS be duly cited and served with a copy of this First Amended Petition for Damages, cited to appear and answer same, and, after all legal delays and due proceedings had, there be a judgment in favor of Plaintiff, THOMPSON GALETOVIC, and against the Defendants, SAINTS AND SINNERS L.L.C., CLEAR BLUE SPECIALTY INSURANCE COMPANY, FORTIS RISK SOLUTIONS, LLC, ARTHUR J. GALLAGHER RISK MANAGEMENT SERVICES, INC., and DARNELL EDWARDS, jointly, severally and *in solido* in amounts as are reasonable in the premises, together

E-Filed

FILED

2020 DEC 30  P 03:09

CIVIL

DISTRICT COURT

with legal interest thereon from date of judicial demand, until paid, and for all costs of these

proceedings.

FURTHER, for all other such general and equitable relief as this Honorable Court may

deem proper.

Dated: December 30, 2020

Respectfully submitted:

Evan P. Fontenot, La. Bar Roll No. 37685
**PENDLEY, BAUDIN & COFFIN, L.L.P.**
24110 Eden Street
P.O. Drawer 71
Plaquemine, Louisiana 70765
Telephone: (225) 687-6396
Facsimile: (225) 687-6398
E-mail: efontenot@pbclawfirm.com

*Attorneys for Plaintiff, Thompson Galetovic*

**PLEASE SERVE:**

**SAINTS AND SINNERS L.L.C.**
Through its registered agent for service of process:
Leopold Z. Sher
909 Poydras Street, Suite 2800
New Orleans, LA 70112

**CLEAR BLUE SPECIALTY INSURANCE COMPANY**
Through its registered agent for service of process:
Louisiana Secretary of State
8585 Archives Ave
Baton Rouge, LA 70809

**FORTIS RISK SOLUTIONS, LLC**
Through its registered agent for service of process:
Corporation Service Company
501 Louisiana Ave
Baton Rouge, LA 70802

**ARTHUR J. GALLAGHER RISK MANAGEMENT SERVICES, INC.**
Through its registered agent for service of process:
Corporation Service Company
501 Louisiana Ave
Baton Rouge, LA 70802

**DARNELL EDWARDS**
6725 Tara Lane, Apartment 67
New Orleans, LA 70127

A TRUE COPY
DEPUTY CLERK CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA

10

E-Filed