UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THOMPSON GALETOVIC | CIVIL ACTION |
| VERSUS | NO. 21-23 |
| SAINTS AND SINNERS L.L.C., *et al.* | SECTION M (5) |

## **ORDER & REASONS**

Before the Court is a motion by defendants Saints and Sinners L.L.C. ("S&S"), Fortis Risk Solutions, LLC, Clear Blue Specialty Insurance Company, and Darnell Edwards (collectively, "Defendants") for partial summary judgment on plaintiff's claim for spoliation of evidence.[1] The motion was set for submission on December 2, 2021.[2] Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, which in this case was November 24, 2021. Plaintiff Thompson Galetovic, who is proceeding *pro se*,[3] has not filed an opposition. Accordingly, because the motion for partial summary judgment is unopposed, and it appears to the Court that the motion has merit,[4]

---

[1] R. Doc. 45.
[2] R. Doc. 45-12.
[3] A *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law, and is expected to meet court deadlines. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Jones v. FJC Sec. Servs., Inc.*, 612 F. App'x 201, 203 (5th Cir. 2015).
[4] This case concerns an alleged assault and battery occurring on December 31, 2019. R. Doc. 1-2 at 2. Galetovic claims that he was attacked by Darnell Edwards, an alleged employee of S&S, while he waited in line to enter the establishment. *Id.* Galetovic alleges various tort and spoliation-of-evidence claims arising under Louisiana law. *Id.* at 2-9. With respect to the spoliation claims, Galetovic alleges that S&S intentionally destroyed surveillance video capturing the incident and altered or destroyed employee records. *Id.* at 6-8. Under Louisiana law, spoliation is "'the intentional destruction of the evidence for the purpose of depriving the opposing party of its use at trial.'" *Herster v. Bd. of Supervisors of La. State Univ.*, 221 F. Supp. 3d 791, 796 (M.D. La. 2016) (quoting *Tomlinson v. Landmark Am. Ins. Co.*, 192 So. 3d 153, 160 (La. App. 2016)), *aff'd*, 887 F.3d 177 (5th Cir. 2018). The spoliation remedies of excluding the spoliated evidence or permitting an adverse inference apply only when the party that controls the evidence had notice that the evidence is relevant to litigation at the time it was destroyed. *Id.* "If the court finds that a party had an obligation to preserve the evidence, then the court must determine whether the party

IT IS ORDERED that Defendants' motion for partial summary judgment on Galetovic's spoliation claim (R. Doc. 45) is GRANTED, and that claim is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 30th day of November, 2021.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

intentionally destroyed the evidence and [its] likely contents." *Id.* In their motion for partial summary judgment, Defendants establish that they did not have notice that S&S's surveillance video from December 31, 2019, would be relevant to litigation in advance of its being taped over in the ordinary course of business. R. Docs. 45-1; 45-2. Joseph Palmer, S&S's general manager who was working on December 31, 2019, attested in his affidavit that he reviewed the surveillance video with officers from the New Orleans Police Department and did not see any indication of the alleged incident. R. Doc. 45-4. He was not informed of any reason to preserve the video and it was recorded over 17 days later pursuant to S&S's regular security routine. *Id.* Indeed, Palmer was not informed of any potential litigation until March 2020, after the video had already been destroyed. *Id.* Defendants also show that they provided the requested employee records to Galetovic in this litigation and have not altered or destroyed any. R. Docs. 45-1; 45-2. Galetovic, who failed to oppose the motion, has not offered any summary-judgment evidence to raise a genuine issue of material fact on the spoliation claim. Accordingly, Defendant's motion for partial summary judgment is granted.